ORIGINAL

FAXED

1  Colin.H. Murray, State Bar No. 159142
   Tracey L. Angelopoulos, State Bar No. 220095
2  **Baker & McKenzie LLP**
   12544 High Bluff Drive, Third Floor
3  San Diego, CA  92130-3051
   Telephone: 1 858 523 6200
4  Facsimile: 1 858 259 8290

5  Attorneys for
   STEVEN DUNCAN, ROBERT WHITE, BRIAN
6  PRICE, and SD ENGINEERING, LLC erroneously
   sued as SD ENGINEERING, INC.

7

FILED

2009 SEP -4  PM 12: 29

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  JENKINS ENTERPRISES, DBA                 Case No. '09 CV 1945 BTM    NLS
    INTERNATIONAL TECHNOLOGY GROUP;
11  GEORGE JENKINS; AND SAN DIEGO            **NOTICE OF REMOVAL OF ACTION**
    NATIONAL BANK.                           **UNDER 28 U.S.C. §1441(b)**
12                                           **(DIVERSITY  JURISDICTION)**

13              Plaintiffs,

14       v.

15  STEVEN DUNCAN, an Individual, ROBERT
    WHITE, an Individual, BRIAN PRICE, an
16  Individual, SD ENGINEERING, INC., and
    DOES 1-100, Inclusive,

17              Defendants.

18

19       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20       **PLEASE TAKE NOTICE** that defendants Steven Duncan, Robert White, Brian Price, and

21  SD Engineering remove to this Court the state court action described below:

22       1.       On August 3, 2009, an action was commenced in the Superior Court of California,

23  County of San Diego, entitled *Jenkins Enterprises, dba International Technology Group; George*

24  *Jenkins; and San Diego National Bank v. Steven Duncan; Robert White; Brian Price; SD*

25  *Engineering, Inc.; and DOES 1-100*, Case No. 37-2009-00057840-CU-SR-NC.  A true and correct

26  copy of the Complaint is attached as Exhibit 1.

27  / / /

28  / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200          1
                         Case No. _____
SDODMS1/702561.1   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY JURISDICTION)

2.     Steven Duncan and SD Engineering, Inc. were served with the Summons and Complaint on August 6, 2009. (*See* Exhibit 2, Declaration of Steven Duncan, ¶ 2.)  On September 3, 2009, counsel for Robert White and Brian Price agreed to accept service of the Summons and Complaint on their behalf.  (*See* Exhibit 3, Declaration of Tracey L. Angelopoulos Decl., ¶ 2.)

2.     At the time of the filing of the Complaint and the filing of this Notice of Removal, complete diversity of citizenship existed between the parties.  The Complaint states that plaintiff Jenkins Enterprises dba International Technology Group is a California corporation with its principal place of business in Carlsbad, California. *See* Compl., ¶2.  The complaint further states that plaintiff George Jenkins is an individual who lives in La Costa, California and that plaintiff San Diego National Bank is a California corporation with its principal place of business in San Diego, California. *See id.*, ¶¶ 3, 4.  On the other hand, defendants Steven Duncan, Robert White, and Brian Price are all individuals who are residents and citizens of Kansas. *See id.*, ¶ 5.  SD Engineering is a limited liability company incorporated in Kansas with its principal place of business in Dodge City, Kansas. *See id.*, ¶ 6.

3.     Plaintiffs' Complaint seeks damages of at least $266,000. *See* Compl., ¶19.  Accordingly, the amount in controversy exceeds the $75,000 (exclusive of interest and costs) jurisdictional requirement of 28 U.S.C. § 1332(a).

4.     This Notice of Removal is timely because it was filed within thirty days of Defendants' receipt of Plaintiffs' Summons and Complaint, which was August 6, 2009.

5.     This court enjoys subject matter jurisdiction under 28 U.S.C. § 1332 because this civil action is between citizens of different states and because the amount in controversy exceeds the jurisdiction limit of this court.  Thus, removal of this action is proper under 28 U.S.C. §1441(a).

6.     Written notice of removal of this case will be filed with the clerk of the Superior Court of the State of California, County of San Diego, North County Branch and served on all

/ / /

/ / /

/ / /

/ / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/702561.1

2

Case No.
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY JURISDICTION)

1   adverse parties pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of this notice of removal to

2   the San Diego Superior Court is attached as Exhibit 4.

3   Dated:  September 4, 2009                          BAKER & McKENZIE LLP

4

5                                                      By: _Tracey L. Angelopoulos_

6                                                      Tracey L. Angelopoulos

7                                                      Attorneys for Defendants
                                                       Steven Duncan, Robert White, Brian Price,
8                                                      and SD Engineering, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/702561.1

3

Case No.
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY JURISDICTION)

# EXHIBIT 1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:     325 S. Melrose
MAILING ADDRESS:    325 S. Melrose
CITY AND ZIP CODE:  Vista, CA 92081
BRANCH NAME:        North County
TELEPHONE NUMBER:   (760) 201-8030

PLAINTIFF(S) / PETITIONER(S):    Jenkins Entreprises et.al.

DEFENDANT(S) / RESPONDENT(S):    Steven Duncan et.al.

JENKINS ENTREPRISES VS. DUNCAN

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2009-00057840-CU-FR-NC |
|---|---|

Judge:  Thomas P. Nugent                              Department:  N-30

**COMPLAINT/PETITION FILED:** 08/03/2009

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)



NOTICE OF CASE ASSIGNMENT

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CASE NUMBER: 37-2009-00057840-CU-FR-NC          CASE TITLE: Jenkins Enterprises vs. Duncan

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR -- i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however; the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev 12-06)

**3) SETTLEMENT CONFERENCE**    The goal of a settlement conference is to    .st the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

SD ENGINEERING    16202271215   FAX 10:21 2009/08/06

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S. Melrose |
| MAILING ADDRESS: | 325 S. Melrose |
| CITY, STATE, & ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |

*FOR COURT USE ONLY*

PLAINTIFF(S):  Jenkins Entreprises DBA International Technology et.al.

DEFENDANT(S): Steven Duncan et.al.

SHORT TITLE:   JENKINS ENTREPRISES VS. DUNCAN

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS
(CRC 3.221)**

CASE NUMBER:
37-2009-00057840-CU-FR-NC

Judge: Thomas P. Nugent                                    Department: N-30

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Other (specify): _____

- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                          _____
Name of Plaintiff                                 Name of Defendant

_____                          _____
Signature                                         Signature

_____                          _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                          _____
Signature                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  08/03/2009

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

# SUMMONS
## (CITACIÓN JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Steven Duncan, an Individual, Robert White, an Individual, Brian Price, an Individual, SD Engineering, Inc., and Does 1-100 Inclusive

100
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jenkins Enterprises, dba International Technology Group; George Jenkins; and San Diego National Bank

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
NORTH COUNTY DIV.
2009 AUG -3 PM 1:24
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court-North County Regional Center<br>325 South Melrose Drive<br>Vista, CA 92081<br>North County Division | CASE NUMBER:<br>*(Número del Caso):* 37-2009-00057840-CU-FR-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas J. Politis   (122504)
POLITIS & POLITIS
500 S. Grand Ave., Suite 1600
Los Angeles, CA 90071

(619) 230-8808 Telephone
(619) 230-8802 Fax

DATE: AUG 03 2009
*(Fecha)*   Clerk, by   C Tomquez   , Deputy
   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

08/05/028

SD ENGINEERING   16202271215   08/03/2009 10:22 FAX

1  NICHOLAS J. POLITIS (SBN 122504)
   POLITIS & POLITIS
2  Biltmore Tower
   500 S. Grand Avenue, Suite 1600
3  Los Angeles, CA 90071
   Telephone: (213) 534-8888
4  Facsimile; (213) 534-8800

5  Attorneys For Plaintiff International Technology Group

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF SAN DIEGO

9  JENKINS ENTERPRISES, DBA          )  State Case Number:
   INTERNATIONAL TECHNOLOGY          )      37-2009-80057848-CU-FR-NC
10 GROUP; GEORGE JENKINS; AND SAN    )
   DIEGO NATIONAL BANK               )  COMPLAINT FOR DAMAGES
11                                   )  1.  FRAUD & INTENTIONAL
              Plaintiffs,            )      MISREPRESENTATION,
12                                   )  2.  FRAUD & NEGLIGENT
         v.                          )      MISREPRESENTATION,
13                                   )  3.  UNFAIR COMPETITION
   STEVEN DUNCAN, an Individual, ROBERT )   CALIFORNIA BUSINESS &
14 WHITE, an Individual, BRIAN PRICE, an )  PROFESSIONS CODE 17200,
   Individual, SD ENGINEERING, INC., and )  4.  UNFAIR COMPETITION
15 DOES 1-100 Inclusive              )      COMMON LAW,
                                     )  5.  BREACH OF NON-DISCLOSURE
16            Defendants.            )      AGREEMENT,
                                     )  6.  BREACH OF THE IMPLIED
17 _____  )      COVENANT OF GOOD FAITH
                                            AND FAIR DEALING,
18                                       7.  CONVERSION,
                                         8.  TRESPASS TO CHATTELS,
19                                       9.  INTENTIONAL INFLICTION OF
                                             EMOTIONAL DISTRESS,
20                                       10. CONSTRUCTIVE FRAUD,
                                         11. NEGLIGENCE,
21                                       12. UNJUST ENRICHMENT,
                                         13. BREACH OF FIDUCIARY DUTY,
22                                       14. ELDER ABUSE

23

24                            INTRODUCTION

25    1. Plaintiff, Jenkins Enterprises dba International Technology Group, George Jenkins and

26 San Diego National Bank for its complaint herein alleges:

27                            THE PARTIES

28    2.     Plaintiff Jenkins Enterprises dba International Technology Group (hereinafter

COMPLAINT                              1

1  "ITG") is a California corporation with its principal place of business in Carlsbad, San Diego

2  County California.

3      3.    Plaintiff George Jenkins is an individual who lives in La Costa California and the

4  majority shareholder of Plaintiff ITG.

5      4.    San Diego National Bank is a California Corporation with its principal place of

6  business in San Diego California.

7      5    ITG is informed and believes and therefore alleges that defendants Steven Duncan,

8  Robert White, and Brian Price are all individuals who lives in Dodge City Kansas.

9      6.    ITG is informed and believes and therefore alleges that defendant SD

10  ENGINEERING an unknown business entity doing business in the state of Kansas.  Steven

11  Duncan is the owner and one of the founders of SD ENGINEERING, and a resident of Dodge

12  City Kansas; defendant is the is the Chief Technology Officer of SD ENGINEERING.

13      7.    ITG is informed and believes and therefore alleges that defendant Jenny Duncan is

14  an individual who lives in Dodge City Kansas.

15      8.    Plaintiff is presently ignorant of the true names and capacities of defendants sued

16  herein as Does 1-100, inclusive, and therefore sues these defendants by such fictitious names.

17  Plaintiff will amend this complaint to allege these defendants' true names and capacities when

18  ascertained.  Plaintiff is informed and believes and therefore alleges that each of the fictitiously-

19  named defendants is in some manner for the occurrences, is an aider and abettor, joint tortfeasor

20  or actor, agent, employee or affiliate of the named defendants, legally responsible for the unlawful

21  conduct herein alleged, and that such defendants may be served with process within the State of

22  California, or in the State of Illinois, and or in the State of Kansas.  Steven Duncan, Robert White,

23  Brian Price, SD Engineering, Inc., and Doe defendants are referred to

24  hereafter collectively as "Defendants."

25                                  **FACTS**

26      9.    Defendant Duncan entered into an employment agreement on December 29, 1992

27  with Plaintiff Jenkins Enterprises, Inc. Dba International Technology Group.  (A true and correct

28  copy of the employment agreement is attached hereto as exhibit A).  Defendant Duncan was , at

**COMPLAINT**                  2

1  all times relevant a minority shareholder of Plaintiff ITG.  When Defendant Duncan
2  was hired on December 29, 1992, his title was Vice President of Engineering and Manager of
3  Dodge City operations.

10.    On or about February 19, 1996, Defendant Duncan agreed to and signed a
5  "CONFIDENTIAL INFORMATION AGREEMENT," AT WILL EMPLOYMENT
6  AGREEMENT," which were part of Plaintiff's new employment handbook, which Defendant
7  Duncan acknowledged receiving and reviewing on or before February 19, 1996.  (A true and
8  correct copy of the Employment Handbook containing both the Confidential Information
9  Agreement and the At Will Employment Agreement is attached hereto as exhibit B).

11.    On or about July 30, 2003, Defendant White agreed to and signed a
11  "CONFIDENTIAL INFORMATION AGREEMENT," and on August 1, 2003 he read and
12  signed the AT WILL EMPLOYMENT AGREEMENT," which was part of Plaintiff's
13  employment handbook, which Defendant White acknowledged receiving and reviewing on or
14  before August 1, 2003.  (A true and correct copy of the Confidential Information Agreement and
15  the At Will Employment Agreement is attached hereto as exhibit C).  When Defendant White was
16  hired his title was Warehouse Manager of Dodge City.

12.    On or about January 3, 2005, Defendant Price agreed to and signed EMPLOYEE'S
18  INVENTION AND INFORMATION AGREEMENT, and the AT WILL EMPLOYMENT
19  AGREEMENT, which Defendant Price acknowledged the agreement too and by signing said
20  agreement Defendant Price acknowledged and agreed to the employee handbook and its contents.
21  (A true and correct copy of the Confidential Information Agreement and the At Will Employment
22  Agreement is attached hereto as exhibit D).  When Defendant Price was hired his title was
23  Engineer/Draftsman.

13.    At all times relevant Plaintiff's Dodge City warehouse was located on the property
25  located at 201 West Trial in Dodge City Kansas.  The property was rented from Ms. Susan Felts.
26  Without the knowledge of the Plaintiffs in October 2008, Defendant Duncan purchased the
27  property located at 201 West Trial and the property 200 North Second located at 175 feet from
28  201 West Trial.  As of July 2009, the county records show that Defendant White is the present

**COMPLAINT**                                3

1    lease holder of the property located at 201 West Trial.

2        14.    Beginning on or about June 22 through July 8, 2008, Plaintiff ITG through its owner

3    Plaintiff George Jenkins began to discuss with Defendant Duncan the declining business and the

4    need to relocate Plaintiff ITG's warehouse operations. Defendant Duncan was advised during this

5    time that Harrisburg Illinois and Mt Orb Ohio would be the new locations for the business.

6        15.    Beginning on or about November 14 through 22, 2008 Plaintiff notified Defendant

7    Duncan that due to declining business Plaintiff ITG intended to move its entire operation to

8    Harrisburg Illinois and to Mount Orb Ohio in January 2009. Sometime between November 14

9    and November 21, 2008, Plaintiff instructed Defendant Duncan to terminate the employment of

10   all the employees at the Dodge City warehouse including Defendant White and Defendant Price.

11   The effect of terminating all employees at the Dodge City warehouse was to leave Defendant

12   Duncan as the sole employee, and person in charge at the subject warehouse. On November 22,

13   Defendant Duncan was formally advised that the Dodge City operation would be moved to

14   Harrisburg Illinois in January 2009.

15       16.    On or about December 12, 2008 San Diego National Bank conducted an

16   independent audit of the Dodge City warehouse and all of its stock and inventory. The audit was

17   conducted by San Diego National Bank because the ITG stock located in the Dodge City

18   warehouse at all times relevant was used by ITG as collateral for the loan San Diego National

19   Bank issued to ITG. During the audit the auditors of San Diego National Bank found dramatic

20   shortages between the last official ITG inventory conducted on or about November 21, 2008 and

21   the inventory count conducted by the independent San Diego National Bank auditors. When the

22   auditors asked Defendant Duncan to explain the discrepancy between the two counts, Defendant

23   Duncan's only response was "at customers." When asked to produce invoices, shipping

24   documents, or any other documents to establish that the missing inventory was shipped to any

25   client, Defendant Duncan was unable to comply was said request and was unable to produce any

26   records of shipping any ITG parts or shipping any ITG inventory between November 21 and

27   December 12, 2008 when Defendant Duncan was the only employee and the only person in charge

28   at the Dodge City warehouse.

**COMPLAINT**                               4

1       17.    Between January 9, through 31, 2009 under the sole supervision and management

2 of Defendant Duncan the Dodge City warehouse was moved to two locations. The Mt. Orb Ohio

3 warehouse was going to receive all the gear box parts including proprietary gear box parts for

4 Alamo and the Harrisburg Illinois warehouse was to receive everything else. In order to facilitate

5 the moves to Ohio and Illinois from Dodge City Plaintiff instructed Defendant Duncan to hire, on

6 a temporary basis, Defendants Price and White. Also during this time Defendant Duncan was

7 asked by Plaintiff ITG to stay on for an additional three months in order to insure that the

8 move/transition from Dodge City to Ohio and Illinois went smoothly and to train the new

9 employees in Ohio and Illinois on how to assemble the gear boxes and part identification.

10 Despite Defendant Duncan's promise to say on for an additional three months, on February 2,

11 2009, submitted his resignation effective immediately.

12       18.    On or about March 24, 2009, San Diego National Bank conducted a surprise visit

13 to the Dodge City warehouse only to find Defendants White and Price working and running the

14 Dodge City warehouse, as SD Engineering a business entity owned by Defendant Duncan. During

15 the surprise visit the San Diego employees found that Defendant White, and Price were shipping

16 ITG Alamo gear boxes which contained ITG proprietary component parts which were taken,

17 stolen and/or removed and not paid for by defendants. At all times relevant none of the named

18 defendants offered, or paid ITG for any of the parts, or gear boxes that they used and shipped to

19 Alamo or any other customers of ITG. Alamo was for 24 years prior to January 31, 2009, Plaintiff

20 ITG's primary client. The San Diego National Bank personnel asked Defendant White and

21 Defendant Price whose inventory they were assembling and Defendants White and Price stated

22 that the entire inventory belonged to Alamo Group.

23       19.    On or between March 24 through April 3, 2009, San Diego National Bank

24 evaluated its audits and inventory checks and concluded that inventory in Harrisburg Illinois and

25 Mount Orb Ohio was missing and/or short approximately $266,000 in inventory. The

26 missing inventory/items included the same inventory that Defendant Duncan stated was "at a

27 customer" on December 12, 2008, and which he had no proof of shipping.

28       20.    Between April through May 2009 San Diego National Bank performed a complete

**COMPLAINT**          5

1   analysis of its audits to find that none of the items that are exclusive to the Alamo Group and only

2   used in Alamo Group's exclusive gear boxes, or spare parts were ever received in either the

3   Harrisburg Illinois or the Mt. Orb Ohio warehouses.

4        21.    Defendant Duncan from November 21, 2008 through January 31, 2009, removed

5   Plaintiff ITG's inventory from ITG's warehouse located at 201 West Trial to 200 N. Second Street

6   before the bank auditors arrived on December 12, 2008 and wrongfully converted/stole Plaintiff

7   ITG's property for his own use as SD Engineering.  It is further alleged that Defendant Duncan

8   purchased the property at 201 West Trail ( the location of the Dodge City warehouse) earlier in

9   2008, without the knowledge of Plaintiff ITG when Defendant Duncan learned that ITG was

10  having financial difficulty.  When Defendant Duncan was advised 2008, that the Dodge City

11  warehouse was going to shut down and moved to Harrisburg Illinois and Mt Orb Ohio he decided

12  to purchase the Dodge City warehouse property without the knowledge of Plaintiff ITG.

13  Defendant Duncan, at this time began to plan how he was going to steal, take, and convert the

14  proprietary property of Plaintiff ITG as part of his fraudulent take over of Plaintiff ITG's business.

15  Defendant Duncan's take over of the Dodge City warehouse was further facilitated when

16  Defendant Duncan was left as the only one in charge of the move to Illinois and Ohio.  It was

17  during this time, while still employed by Plaintiff ITG, that Defendant Duncan, without the

18  knowledge of Plaintiff ITG, began communicating with Plaintiff ITG's customers, such as Alamo

19  Group and Plaintiff ITG's suppliers with the sole intent of taking ITG's customers and supply

20  base away from Plaintiff ITG for Defendants' sole financial benefit.  It was during this time when

21  Defendant Duncan was the only person at the Dodge City warehouse, as such, was the only one in

22  charge of the above referenced move that he converted, took, and/or stole Plaintiff ITG's

23  inventory and began to wrongfully operate his business from 201 West Rail (the same address as

24  ITG) as SD Engineering.   It is further alleged that despite the representations made by all of the

25  defendants to Plaintiff ITG that they would continue to loyally work for the Plaintiff, the truth was

26  that all the defendants used the move as an opportunity to set up Defendant Duncan's SD

27  Engineering business and to steal, take and convert Plaintiff ITG's proprietary inventory.

28  Defendant Duncan, with the help from Defendant White and Defendant Price, from November 21,

**COMPLAINT**               6

1   2008 through January 31, 2009, systematically removed, converted, stole Plaintiff ITG parts from

2   ITG's warehouse in Dodge City to Defendant's second building located 75 yards away at 200

3   North Second Street before the San Diego National Bank auditors arrived for their first audit on

4   December 12, 2008.

5       22.    It is further alleged that sometime between November 21, 2008 and December 12,

6   2008, when the first audit was conducted and while he was still employed by Plaintiff ITG that

7   Defendant Duncan opened and was operating his business as SD Engineering with the inventory

8   that he stole, took, converted from Plaintiff ITG. It is further alleged that Defendants Duncan,

9   White and Price began assembling the parts stolen from ITG's warehouse into Alamo Groups gear

10   boxes and subsequently sold to Alamo Group. It is also alleged that the Defendants and each of

11   them refused to return Plaintiff ITG's computers with proprietary programs, proprietary drawings,

12   client lists, client contacts. All of the above have been kept by the defendants which they have

13   used in order to steal business from the plaintiff.

**FIRST CAUSE OF ACTION**
**Fraud and Intentional Misrepresentation**
**(Against All Defendants)**

16       23.    Plaintiff re-alleges and reincorporates each and every allegation contained in the

17   in paragraphs 1 thorough 23, inclusive, as though fully set forth herein.

18       24.    At all times relevant Plaintiffs were promised by the Defendants and each of them

19   that they would continue to work for Plaintiff ITG in an effort to keep Plaintiff ITG operating and

20   filling orders for gear boxes. Plaintiffs were led to believe that the representations made by the

21   defendants and each of them while employees of Plaintiff ITG were true.

22       23.    When defendants, and each of them, made the above representations, they knew

23   them to be false and made these representations with the intention to deceive and defraud plaintiff

24   and to induce plaintiff to act in reliance on these representations in the manner herein alleged in

25   paragraphs 1 through 22. Further, defendants, and each of them, took affirmative steps to conceal

26   the true facts from plaintiff. The true facts are that Defendant Duncan from November 21, 2008

27   through January 31, 2009, removed Plaintiff ITG's inventory from ITG's warehouse located at

28   201 West Trial to 200 N. Second Street before the bank auditors arrived on December 12, 2008

**COMPLAINT**        7

1  and wrongfully converted/stole Plaintiff ITG's property for his own use as SD Engineering.  It is

2  further alleged that Defendant Duncan purchased the property at 201 West Trail ( the location of

3  the Dodge City warehouse) earlier in 2008, without the knowledge of Plaintiff ITG when

4  Defendant Duncan learned that ITG was having financial difficulty.  When Defendant Duncan

5  was advised 2008, that the Dodge City warehouse was going to shut down and moved to

6  Harrisburg Illinois and Mt Orb Ohio he decided to purchase the Dodge City warehouse property

7  without the knowledge of Plaintiff ITG.  Defendant Duncan, at this time began to plan how he

8  was going to steal, take, and convert the proprietary property of Plaintiff ITG as part of his

9  fraudulent take over of Plaintiff ITG's business.  Defendant Duncan's take over of the Dodge City

10 warehouse was further facilitated when Defendant Duncan was left as the only one in charge of

11 the move to Illinois and Ohio.  It was during this time, while still employed by Plaintiff ITG and a

12 minority shareholder of Plaintiff ITG, that Defendant Duncan, without the knowledge of Plaintiff

13 ITG, began communicating with Plaintiff ITG's customers, such as Alamo Group and Plaintiff

14 ITG's suppliers with the sole intent of taking ITG's customers and supply base away from

15 Plaintiff ITG for Defendants' sole financial benefit.  It was during this time when Defendant

16 Duncan was the only person at the Dodge City warehouse and the only one in charge of the above

17 referenced move that he converted, took, and/or stole Plaintiff ITG's inventory and began to

18 wrongfully operate his business from 201 West Rail (the same address as ITG) as SD

19 Engineering.   It is further alleged that despite the representations made by all of the defendants to

20 Plaintiff ITG that they would continue to loyally work for the Plaintiff, the truth was that all the

21 defendants used the move as an opportunity to set up Defendant Duncan's SD Engineering

22 business and to steal, take and convert Plaintiff ITG's proprietary inventory for the benefit of all

23 the Defendants.  Defendant Duncan, with the help from Defendant White and Defendant Price,

24 from November 21, 2008 through January 31, 2009, systematically removed, converted, stole

25 Plaintiff ITG parts from ITG's warehouse in Dodge City to Defendant's second building located

26 75 yards away at 200 North Second Street before the San Diego National Bank auditors arrived

27 for their first audit on December 12, 2008.  It is further alleged that sometime between November

28 21, 2008 and December 12, 2008, when the first audit was conducted and while he was still

COMPLAINT                                    8

1  employed by Plaintiff ITG that Defendant Duncan opened and was operating his business as SD

2  Engineering with the inventory that he stole, took, converted from Plaintiff ITG. It is further

3  alleged that Defendants Duncan, White and Price began assembling the parts stolen from ITG's

4  warehouse into Alamo Groups gear boxes and subsequently sold to Alamo Group.

5          24.     Plaintiffs, at the time these representations were made by defendants, and each of

6  them, and at the time plaintiffs took the actions herein alleged, was unaware of the falsity of

7  defendants' representations and believed them to be true. In reliance on these representations,

8  plaintiff was induced to and did maintain the employment of Defendant Duncan, Defendant White

9  and Defendant Price.

10         25.     Had plaintiffs known the actual facts, plaintiffs would not have maintained the

11  employment of Defendant Duncan, Defendant White, and Defendant Price.

12         26.     Plaintiffs' reliance on the representations of defendants was justified because the

13  Defendant Duncan, Defendant White, Defendant Price represented that they possessed unique

14  knowledge that were technically capable and loyal employees and minority shareholders.

15         27.     As a proximate result of the fraudulent conduct of defendant as herein alleged,

16  plaintiff has incurred damages in that plaintiff was induced to allow the defendants and each of

17  them to operate the Dodge warehouse which allowed the defendants the opportunity to steal, take,

18  convert plaintiffs' property, and further allowed the defendants and each of them to begin

19  defendant Duncan's SD Engineering, all at the expense of the plaintiff, all by reason of which

20  plaintiff has been damaged in at least the sum in excess of the jurisdictional amount of this Court,

21  and additional amounts according to proof at time of trial.

22         28.     The aforementioned conduct of defendants, and each of them, was an intentional

23  misrepresentation, deceit, or concealment of a material fact known to each of the defendants with

24  the intention on the part of the defendants thereby depriving plaintiffs of property or legal rights or

25  otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust

26  hardship and conscious disregard of plaintiff's rights, so as to justify an award of exemplary and

27  punitive damages.

28  ///

COMPLAINT                                          9

## SECOND CAUSE OF ACTION
### Fraud and Negligent Misrepresentation
#### (Against All Defendants)

29.     Plaintiff re-alleges and reincorporates each and every allegation contained in the in paragraphs 1 thorough 28, inclusive, as though fully set forth herein.

30.     Plaintiff alleges on information and belief that each of the representations described above was false or misleading when made by defendants as described above, was made without a reasonable basis for believing it to be true, and was made with intent to mislead and deceive plaintiff. The representations were made with the intent to induce plaintiff's reliance to allow the defendants and each of them to operate the Dodge warehouse which allowed the defendants the opportunity to steal, take, convert plaintiff's property, and further allowed the defendants and each of them to begin defendant Duncan's SD Engineering as herein alleged.

31.     Each of the defendants had a duty to disclose the true information on the grounds that the information was material to the Plaintiffs' decision to allow the defendants to maintain their employment.  Defendants' failure to disclose these material facts to plaintiff, therefore, constitutes fraud and/or negligent misrepresentation.

32.     Had plaintiffs known the true facts, that the defendants sole intent was to steal, take, convert plaintiff's property, customers, and to open SD Engineering at the expense of the plaintiffs, plaintiffs would not have allowed the defendants to stay employed.

33.     As a proximate result of the fraudulent conduct of defendants as herein alleged, plaintiffs have incurred damages in that plaintiffs were induced to maintain the employment of the defendants which allowed the defendants to work their scheme as articulated in paragraphs 1 through 22, all by reason of which plaintiffs have been damaged in at least the sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### Unfair Competition Against All Defendants
#### (California Business and Professions Code §§17200 *et seq.*)

34.     Plaintiffs re-allege and reincorporate by reference each and every allegation

COMPLAINT                                    10

1    contained in paragraphs 1 through 33 as though fully set forth herein.

2        35.    Defendants' unlawful and fraudulent conduct constitutes unfair, unlawful, and

3    fraudulent business practices in violation of California Business and Professions Code §§17200 *et*

4    *seq.*

5        36.    These wrongful acts have proximately caused and will continue to cause Plaintiffs

6    substantial injury, including injury to their reputation, loss of customers, and diminution in value of

7    its confidential information and other proprietary materials.   These actions will cause imminent

8    irreparable harm and injury to Plaintiffs, the amount of which will be difficult to ascertain if they

9    continue.   Plaintiffs is without an adequate remedy at law.

10       37.    Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents,

11   employees, and all persons acting in concert with them from engaging in further such unlawful

12   conduct.

13       38.    Plaintiffs are further entitled to recover from Defendants the damages Plaintiffs

14   sustained as a result of their unlawful conduct as hereinabove alleged. The amount of such damages

15   cannot be determined at this time.   Plaintiffs are further entitled to recover the gains, profits,

16   advantages, and unjust enrichment obtained by Defendants as a result of their unlawful conduct.

17                          **FOURTH CLAIM FOR RELIEF**
18                   **Unfair Competition Against All Defendants**

19                              **(Common Law)**

20       39.    Plaintiffs re-allege and reincorporates by reference each and every allegation

21   contained in paragraphs 1 through 38 as though fully set forth herein.

22       40.    Defendants' aforesaid unlawful and fraudulent conduct constitutes unfair, unlawful,

23   and fraudulent business practices in violation of California common law.

24       41.    These wrongful acts have proximately caused and will continue to cause Plaintiffs

25   substantial injury, including injury to its reputation, loss of customers, and diminution in value of its

26   confidential information and other proprietary materials.   These actions will cause imminent

27   irreparable harm and injury to Plaintiffs, the amount of which will be difficult to ascertain if they

28

COMPLAINT                            11

1   continue. Plaintiff ITG is without an adequate remedy at law.

2       42.    Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents,

3

4   employees, and all persons acting in concert with them from engaging in further such unlawful

5   conduct.

6       43.    Plaintiffs are further entitled to recover from Defendants the damages Plaintiffs

7   sustained as a result of their unlawful conduct. The amount of such damages cannot be determined

8   at this time. Plaintiffs are further entitled to recover from the gains, profits, advantages, and unjust

9

10   enrichment obtained by Defendants as a result of their unlawful conduct.

11       44.    Defendants' conduct was and is fraudulent, oppressive, malicious, and in conscious

12   disregard of Plaintiffs' rights, and it is therefore entitled to punitive damages against each Defendant.

13                         **FIFTH CLAIM FOR RELIEF**

14              **Breach of the Non-Disclosure Agreement**

15                    **(Against All Defendants)**

16       45.    Plaintiffs realleges and reincorporates by reference each and ever allegation contained

17   in paragraphs 1 through 44 as though fully set forth herein.

18       46.    Defendants and each of them are parties to the written Non-Disclosure Agreement

19   (hereinafter NDA which is part of the employee handbook made part of this complaint). Per the

20   NDA, and as each of the Defendants were aware, Plaintiff ITG agreed to enter into a business

21   relationship with Defendants and each of them and disclose its confidential proprietary

22

23   information to the Defendants and each of them in confidence in order to further the purposes of

24   this relationship, in consideration for the Defendants and each of them agreeing to keep Plaintiff

25   ITG's confidential proprietary information secret, to limit access to the confidential proprietary

26   information, and not to reverse engineer or attempt to derive the underlying information or

27   structure of the confidential proprietary information, not to take, convert or steal the proprietary

28

COMPLAINT                   12

property of plaintiffs .

47.  Plaintiffs performed all of their obligations, conditions, covenants and promises set forth under the NDA, except for those obligations that it was excused from performing.

48.  Each Defendants' conduct as described above constitutes a breach of the NDA. Specifically, each Defendant breached several provisions of the NDA, including but not limited to stealing plaintiff's property, proprietary drawings, computers, and attempting to derive the underlying information of Plaintiff ITG's confidential proprietary information.

### SIXTH CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

49.  Plaintiffs realleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

50.  The employment agreement and NDA entered into between Plaintiff ITG and each Defendant imposed upon each party an implied covenant of good faith and fair dealing requiring that neither party do anything that would injure the right of the other to receive the benefits of the employment agreement and NDA.

51.  Plaintiffs are informed and believe and based thereon alleges that by reason of the foregoing conduct and other past and present conduct, Defendants and each of them have unreasonably breached the implied covenant of good faith and fair dealing and prevented the parties from achieving the purpose of the Employment Agreement and NDA.

52.  As a direct and proximate result each of Defendants' actions, Plaintiffs have been damaged in an amount to be proven at trial.  The conduct of each Defendant was and is fraudulent, oppressive, malicious, and in conscious disregard of Plaintiff ITG's rights, and Plaintiff ITG is therefore entitled to punitive damages against Defendants.

///

///

COMPLAINT                    13

## SEVENTH CLAIM FOR RELIEF

### Conversion Against All Defendants

53.    Plaintiffs re-allege and reincorporate by reference each and every allegation contained in paragraphs 1 through 52 as though fully set forth herein.

54.    Plaintiffs are informed and believe and based thereon allege that Defendants and each of them have unlawfully and wrongfully converted for their own use proprietary confidential information, proprietary inventory, proprietary drawings, computers contained in the Dodge City warehouse.

55.    As a direct and proximate result of the unlawful conversion of plaintiff's proprietary confidential information, proprietary inventory, proprietary drawings computers contained in the Dodge City warehouse plaintiff has been damaged in an amount to be proven at trial. Defendants' conduct was and is fraudulent, oppressive, malicious, and in conscious disregard of plaintiffs' rights, and plaintiffs are therefore entitled to punitive damages against defendants.

## EIGHT CLAIM FOR RELIEF

### Trespass to Chattels Against All Defendants

56.    Plaintiffs re-allege and reincorporate by reference each and every allegation contained in paragraphs 1 through 55 as though fully set forth herein.

57.    Plaintiffs are informed and believes and based thereon allege that Defendants have unlawfully and intentionally accessed and used plaintiffs' confidential proprietary information, and property contained in the Dodge City warehouse without authorization, thereby impeding plaintiffs' use and enjoyment of their property and resulting in trespass.

58.    As a direct and proximate result of the unlawful trespass of plaintiffs' proprietary confidential information, and proprietary property, plaintiffs have been damaged in an amount to be proven at trial. Defendants' conduct was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of plaintiffs, and plaintiffs are therefore entitled to punitive damages against Defendants.

COMPLAINT                                   14

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

59.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-58, and each and every part thereof with the same force and effect as though set out at length herein.

60.    Without limiting the generality of the foregoing, Defendants had a duty to, among other things:

a. not steal, take, or convert the proprietary property of plaintiff.

b. not to contact customers during their employment with the Plaintiff ITG with the intent of convincing the customer to stop their business relationship with the plaintiffs and to begin a new business relationship with SD Engineering.

c. to act honestly and in accordance with the terms and conditions of the employee handbook.

d. not to steal, take or convert the company computers.

e. accord to plaintiff an individual's dignity and respect, and not to subject the plaintiffs to abuse or neglect.

f. properly and accurately administer the Dodge City warehouse.

61.    At all times relevant the Defendants' breached their duties to plaintiffs. These breaches were intentional and in reckless disregard for the probability that severe injury would result from their failure to carefully adhere to their duties. Defendants and each of them knew or should have known that there was a probability that injury would result from the failure to adhere to their duties. In particular, and without limiting the generality of the foregoing, Defendants, and each of them, intentionally and with deliberate indifference to plaintiff's health and safety failed to, among other things:

a. follow, implement and adhere to all the requirements of the employee's handbook.

b. not to steal, take, or convert the proprietary property of the plaintiff.

c. not to steal, take, convert, and/or contact the clients list of the plaintiff while still employed by the plaintiff.

COMPLAINT                          15

d. not to steal, take convert, plaintiff's proprietary drawings and computers.

62.    The conduct of Defendants, and each of them, was outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it. Plaintiffs were forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation. Plaintiff George Jenkins was physically and emotionally abused, as a senior citizen watching his livelihood be taken by the defendants and each of them. Mr. Jenkins' business, as a result of the actions of the defendants and each of them, was taken from him, his customers were told by the defendants that Plaintiff ITG was going out of business and that the customer's business needs could no longer be met by plaintiffs, as such, Plaintiff ITG customers were told that their needs could be satisfied by the defendants and each of them through SD Engineering.

63.    In breaching their duties to Plaintiffs, Defendants, and each of them, acted intentionally in conscious disregard to Plaintiffs business health.

64.    As a further result of Defendants' conduct, as aforesaid, Plaintiff George Jenkins was forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation.

65.    As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiffs sustained severe and serious injury to their business and persons, including but not limited to severe emotional distress, all to Plaintiff and damage in a sum within the jurisdiction of this court and to be shown according to proof.

66.    By reason of the foregoing, Plaintiff Jenkins was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and were compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

///

///

COMPLAINT                                                    16

## TENTH CAUSE OF ACTION

### (Constructive Fraud Against All Defendants)

67.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-66, and each and every part thereof with the same force and effect as though set out at length herein.

68.     By virtue of the relationship between Plaintiffs and Defendants, and each of them, a fiduciary duty existed relating to the employer-employee relationship as well as ownership of corporate stock of Plaintiff ITG.  Defendant Duncan was at all times relevant a minority share holder of the Plaintiff ITG as such Defendant Duncan violated his fiduciary obligation to Plaintiff ITG. Pursuant to said duty, Defendants, and each of them, owed the utmost good faith and fairness to Plaintiffs in all matters pertaining to the employment and shareholder relationship and the fiduciary obligations owned by the Defendants to the Plaintiffs.

69.     Defendants breached the aforesaid duty, as alleged, and in so doing gained an advantage over Plaintiffs in matters relating to Plaintiff's business. In particular and without limiting the generality of the foregoing, in breaching said duty as alleged, Defendants, among other things, stole, converted, took Plaintiffs' property and then sold said property to Plaintiffs' customers which in turn the Defendants received money which was money received as a result of the defendants and each of them selling the proprietary property of the plaintiff, all to Plaintiffs' further injury.

70.     Defendants, and each of them, realized a profit from the practice of fraud as alleged and, accordingly, these Defendants are required to disgorge their profits from their actions as alleged and Plaintiff is entitled to an award in the amount of these profits, and interest on all such sums from the date of injury.

## ELEVENTH CAUSE OF ACTION

### (Negligence)

71.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-70, and each and every part thereof with the same force and effect as though set out at length

COMPLAINT                                    17

herein.

72.     During the period alleged above Defendants, and each of them, acted negligently and recklessly with respect to how they treated the Plaintiff, and how they conducted themselves as employees and shareholders of Plaintiff ITG. In particular, and without limiting the generality of the foregoing, Defendants and each of them intentionally failed to, among other things:

a. follow, implement and adhere to all their obligations pursuant to the employee handbook, contacted plaintiff's customer list with the intent of stealing the customers away from the plaintiff, telling customers that plaintiff was going out of business and that the defendants and each of them could satisfy the customers orders, stealing, taking, converting plaintiff's proprietary property all of which was done during the time the Defendants were employed by Plaintiff ITG.

73.     As a direct and proximate result of the acts of Defendants, as aforesaid, Plaintiffs sustained severe and serious injury and to Plaintiff George Jenkins, including but not limited to severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

74.     By reason of the foregoing, Plaintiff George Jenkins was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiffs were compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

75.     As a direct and proximate result of the acts of Defendants, as aforesaid, Plaintiffs sustained severe and serious injury to their persons, and business including but not limited to severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

## TWELFTH CAUSE OF ACTION

### UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

76.     Plaintiff re-alleges and reincorporates each and every allegation contained in paragraphs 1 through 75 and all previous paragraphs of all previous sections and Causes of Action

COMPLAINT                                      18

this Complaint, inclusive, as though fully set forth herein.

77.    Defendants, and each of them jointly and severally, through their wrongful conduct as described in this Complaint, have reaped substantial profits from the monies and investment belonging to Plaintiffs, and in so doing has caused Plaintiffs, to suffer substantial monetary losses, as well as emotional stress, and physical injury, all of which damages and costs were not only foreseeable but were the intended consequences of Defendants' collective actions.

78.    Based on the facts as alleged herein and as will be proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for Defendants to enrich themselves at the expense of Plaintiff.

79.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs incurred damages in that Plaintiffs were induced to allow/trust the Defendants and each of them to be responsible for the move from Dodge City Kansas to Harrisburg Illinois, and by so doing the Defendants and each of them stole, took, converted Plaintiffs' property for the Defendants' own profit, by reason of which Plaintiffs have been damaged in at least the sum in excess of the jurisdictional amount of this Court, plus attorneys fees and costs, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

### THIRTEENTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

### (Against Steven Duncan)

80.    Plaintiff re-alleges and reincorporates each and every allegation contained in paragraphs 1 through 79 and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

81.    Plaintiff George Jenkins is the majority shareholder of Plaintiff ITG, and defendant Steve Duncan at all times relevant was a minority shareholder.  As a minority shareholder, Steve Duncan owed at all times relevant a fiduciary duty to Plaintiff ITG.

82.    Defendant Duncan, breached his fiduciary duty by making the misrepresentations alleged above, in paragraphs 1-22, and by otherwise engaging in the course of conduct alleged

COMPLAINT                                    19

herein.

83.   The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the financial circumstances of Plaintiffs and resulting damage to Plaintiffs.

84.   Defendant Duncan pursued such course of conduct intentionally and maliciously while unconscionably disregarding of the rights of Plaintiffs and with a fraudulently and/or with reckless disregard of the likelihood of causing Plaintiffs economic damage and/or at all times to further their own economic interest at the expense of Plaintiffs' economic interest.

85.   As a proximate result of the fraudulent conduct of Defendant Duncan as herein alleged, Plaintiffs have incurred damages in that Plaintiffs were induced to maintain the employment of the defendants and was induced to all them to maintain their investment in Plaintiff ITG, all by reason of which Plaintiffs have been damaged in at least the sum in excess of the jurisdictional amount of this Court, plus attorneys fees and costs, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

## FOURTEENTH CAUSE OF ACTION
## ELDER ABUSE AGAINST DEFENDANT STEVEN DUNCAN

86.   Plaintiff re-alleges and reincorporates each and every allegation contained in paragraphs 1 through 85 and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

87.   At all times relevant to this complaint, Plaintiff George Jenkins was an elder (Welfare & Institutions Code §15610.27).

88.   At all times relevant to this complaint, Defendant SD Engineering an unknown business entity and actually doing business in Kansas.

89.   Plaintiff ITG is informed and believes and therefore alleges that Defendant Steven Duncan, an individual who lives in Dodge City Kansas and SD ENGINEERING a unknown

COMPLAINT                              20

business entity doing business in Dodge City Kansas.

90.   Plaintiff is informed and believes and thereon alleges that defendants and each of them and Does 1 through 100, and each of them, were shareholders of plaintiff ITG as such owed a fiduciary duty to the majority shareholder, Plaintiff ITG and Plaintiff George Jenkins which they breached pursuant to the Welfare & Institutions Code section 15610.36.

94.   Beginning on or about June 23, 2008, while plaintiff was relying on Defendant Duncan to perform his job as a minority shareholder and an employee, in order to orchestrate the move to Illinois, and Ohio as alleged in this complaint in paragraphs 1 through 22.  It was not anticipated that Defendant Duncan was going to use this opportunity to steal, take convert the property of Plaintiffs.  It is alleged that Defendant Duncan violated Welfare & Institutions Code 15610.30  which was in violation of statute and thereby legally the proximate cause of Plaintiff Jenkins' damages.

95.   As a legal result of the conduct of Defendant Duncan, Plaintiff Jenkins was hurt and injured in his health, strength and activity, sustaining injury, all of which have caused and will continue to cause him great financial, mental, physical, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to him.  As a result of such injuries, plaintiff has suffered general damages in an amount to be proven at the time of trial of this action.

96.   As a further legal result of the conduct of Defendant Duncan, Plaintiff Jenkins has incurred, and will continue to incur, medical and related expenses for physicians, surgeons, hospital care, and other medical services and supplies.  The full amount of these expenses is not known to plaintiff at this time.  Plaintiff prays leave to amend this complaint to state the amount when it becomes known to him.

**COMPLAINT**                                      21

97.     As a further legal result of the conduct of Defendant Duncan, Plaintiff has suffered a loss of earnings.  Plaintiff is informed and believes and thereon alleges that he will suffer loss of earnings for an indefinite time in the future.  Plaintiff's earning capacity has been greatly reduced, all to Plaintiff's further special damages, in amounts currently unknown.  Plaintiff prays leave to amend this complaint to assert the true amounts when they are ascertained.

98.     As a further legal result of the conduct of Defendants, and each of them, Plaintiff Jenkins has suffered financial losses as a result of Defendant Duncan's financial mismanagement and abuse of Plaintiff Duncan as that term is used in Welfare & Institutions Code §15610.30.  Plaintiff's damages concerning the financial abuse at this time are unknown.  Plaintiff prays leave to amend this complaint to assert the true amounts when they are ascertained.

99.     Defendants Duncan and Does 1 through 100, and each of them, engaged in intentional misconduct which demonstrates recklessness, malice, fraud, oppression, and was despicable, thereby entitling plaintiff to punitive damages in an amount according to proof.

///

///

///

///

///

///

///

///

///

///

**COMPLAINT**

22

1    **WHEREFORE,** Plaintiffs pray for judgment against the Defendants and each of them as

2    follows:

3

4    A.    General Damages in the sum according to proof;

5    B.    Special Damages in the sum according to proof;

6    C     Punitive Damages in the sum according to proof;

7    D.    Costs of suit and for such other and further relief as the court deems proper;

8    E.    For Interest allowable by law;

9
10   F.    For an award of damages equal to the profit realized from Defendants' conduct as

11         alleged, and for prejudgment interest thereon according to law;

12   G.    For such further and other relief as the court may deem proper.

13

14   Dated: July 24, 2009                    By: _____

15                                           Nicholas J. Pontis for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          23

# EXHIBIT 2

1   Colin H. Murray, State Bar No. 159142
    Tracey L. Angelopoulos, State Bar No. 220095
2   **Baker & McKenzie LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA  92130-3051
    Telephone: 1 858 523 6200
4   Facsimile:  1 858 259 8290

5   Attorneys for
    STEVEN DUNCAN, ROBERT WHITE, BRIAN
6   PRICE, and SD ENGINEERING, LLC erroneously
    sued as SD ENGINEERING, INC.

7

8                       UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10  JENKINS ENTERPRISES, DBA                  Case No. _____
    INTERNATIONAL TECHNOLOGY GROUP;
    GEORGE JENKINS; AND SAN DIEGO            **DECLARATION OF STEVEN**
11  NATIONAL BANK,                           **DUNCAN IN SUPPORT OF NOTICE**
                                             **OF REMOVAL OF ACTION UNDER**
12              Plaintiffs,                  **28 U.S.C. §1441(b) (DIVERSITY**
                                             **JURISDICTION)**
13        v.

14  STEVEN DUNCAN, an Individual, ROBERT
    WHITE, an Individual, BRIAN PRICE, an
15  Individual, SD ENGINEERING, INC., and
    DOES 1–100, Inclusive,
16
                Defendants.
17

18        I, Steven Duncan, declare as follows:

19        1.      I am one of the defendants in this matter, and the President of SD Engineering, LLC.
20  I have personal knowledge of the facts set forth in this declaration.

21        2.      On August 6, 2009, a copy of the Summons and Complaint was mailed to me at my
22  home address by Certified Mail.  I signed for acceptance at 15:24 on August 6, 2009 at the Dodge
23  City Post Office in my individual capacity and as President of SD Engineering LLC.

24        I declare under penalty of perjury under the laws of the State of California that the foregoing
25  is true and correct.  Executed this __4TH__ day of September, 2009 in DODGE CITY, Kansas.

26

27                                          _____
                                            Steven Duncan
28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/702616.1

1

Case No.
DUNCAN DECL. IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)

# EXHIBIT 3

1    Colin H. Murray, State Bar No. 159142
     Tracey L. Angelopoulos, State Bar No. 220095
2    **Baker & McKenzie LLP**
     12544 High Bluff Drive, Third Floor
3    San Diego, CA  92130-3051
     Telephone: 1 858 523 6200
4    Facsimile:  1 858 259 8290

5    Attorneys for
     STEVEN DUNCAN, ROBERT WHITE, BRIAN
6    PRICE, and SD ENGINEERING, LLC erroneously
     sued as SD ENGINEERING, INC.

7
                              UNITED STATES DISTRICT COURT
8
                            SOUTHERN DISTRICT OF CALIFORNIA
9

10   JENKINS ENTERPRISES, DBA              | Case No. _____
     INTERNATIONAL TECHNOLOGY GROUP;
11   GEORGE JENKINS; AND SAN DIEGO         | **DECLARATION OF TRACEY L.
     NATIONAL BANK,                        | ANGELOPOULOS IN SUPPORT OF
12                                         | NOTICE OF REMOVAL OF ACTION
                 Plaintiffs,               | UNDER 28 U.S.C. §1441(b)
13                                         | (DIVERSITY  JURISDICTION)**
           v.
14
     STEVEN DUNCAN, an Individual, ROBERT
15   WHITE, an Individual, BRIAN PRICE, an
     Individual, SD ENGINEERING, INC., and
16   DOES 1–100, Inclusive,

17               Defendants.

18         I, Tracey L. Angelopoulos, declare as follows:

19         1.      I am an attorney with the law firm of Baker & McKenzie LLP, counsel for the

20   defendants Steven Duncan, Robert White, Brian Price, and SD Engineering, Inc. I have personal

21   knowledge of the facts set forth in this declaration.

22         2.      On September 3, 2009, I spoke with Nicholas Politis, counsel of record for plaintiffs

23   Jenkins Enterprises DBA International Technology Group, George Jenkins, and San Diego National

24   Bank. I offered to accept the Summons and Complaint on behalf of Robert White and Brian Price,

25   and Mr. Politis agreed to effect service in this manner.

26         I declare under penalty of perjury under the laws of the State of California that the foregoing

27   is true and correct.  Executed this 4th day of September, 2009 in San Diego, California.

28                                              _____
                                                Tracey L. Angelopoulos

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/702617.1

                                                   1

# EXHIBIT 4

1  Colin H. Murray, State Bar No. 159142
   Tracey L. Angelopoulos, State Bar No. 220095
2  **Baker & McKenzie LLP**
   12544 High Bluff Drive, Third Floor
3  San Diego, CA  92130-3051
   Telephone: 1 858 523 6200
4  Facsimile:  1 858 259 8290

5  Attorneys for
   STEVEN DUNCAN, ROBERT WHITE, BRIAN
6  PRICE, and SD ENGINEERING, LLC erroneously
   sued as SD ENGINEERING, INC.

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10 JENKINS ENTERPRISES, DBA                    Case No.  37-2009-00057840-CU-FR-NC
   INTERNATIONAL TECHNOLOGY GROUP;
11 GEORGE JENKINS; AND SAN DIEGO              **NOTICE OF REMOVAL TO**
   NATIONAL BANK,                             **FEDERAL COURT**
12
                Plaintiffs,
13
        v.
14
   STEVEN DUNCAN, an Individual, ROBERT
15 WHITE, an Individual, BRIAN PRICE, an
   Individual, SD ENGINEERING, INC., and
16 DOES 1–100, Inclusive,

17              Defendants.

18

19      **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

20      **PLEASE TAKE NOTICE** that defendants Steven Duncan, Robert White, Brian Price, and

21 SD Engineering file its Notice of Removal, and in support thereof respectfully shows the Court as

22 follows:

23      1.      Written notice of the removal of this cause has been filed today with the Clerk of the

24 United States District Court for the Southern District of California.  A true and correct copy of this

25 Notice of Removal is attached hereto as Exhibit A.

26      2.      This Court is respectfully requested to proceed no further in this action, unless and

27 until such time as this action may be remanded by order of the United States District Court.

28 / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/702607.1                                            1                              Case No. 37-2009-00057840-CU-FR-NC
                                                                                                   Notice Of Removal

3.      A copy of this Notice of Removal has been sent to Plaintiffs' attorney of record as listed below:

> Nicholas Politis
> Politis & Politis
> 500 S. Grand Avenue, Suite 1600
> Los Angeles, CA  90071

Dated:   September 4, 2009                    BAKER & McKENZIE LLP

By: _____
Tracey L. Angelopoulos

Attorneys for Defendants
Steven Duncan, Robert White, Brian Price,
and SD Engineering, Inc.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/702607.1

℀ JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JENKINS ENTERPRISES, DBA INTERNATIONAL
TECHNOLOGY GROUP; GEORGE JENKINS; AND SAN DIEGO
NATIONAL BANK,

**DEFENDANTS**
STEVEN DUNCAN, ROBERT WHITE, BRIAN PRICE, and SD
ENGINEERING LLC, erroneously sued as SD ENGINEERING,
INC.

**(b)** County of Residence of First Listed Plaintiff __San Diego County,__
California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Ford County, Kansas__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nicholas J. Politis
Politis & Politis
500 S. Grand Avenue, Suite 1600
Los Angeles, CA 90071
Telephone: 213 534 8889

**09 CV 1945 BTM NLS**

Attorneys (If Known)
Colin H. Murray, State Bar No. 159142
Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, CA 92130-3051
Telephone: 858 523 6200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

|  |  |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | |
| | | | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 (a); 28 U.S.C. § 1441.
Brief description of cause:
Fraud, conversion, unfair competition, breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
September 4, 2009

SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # 4880   AMOUNT 350,   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

9/4/09

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004880
Cashier ID: sramirez
Transaction Date: 09/04/2009
Payer Name: SAN DIEGO LEGAL SUPPORT
--------------------------------
CIVIL FILING FEE
 For: JENKINS ENTER. V. DUNCAN
 Case/Party: D-CAS-3-09-CV-001945-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 82178
 Amt Tendered:  $350.00
--------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```